## IN THE CIRCUIT COURT OF SUNFLOWER COUNTY, MISSISSIPPI

**DEBORAH MENDENHALL**                      **PLAINTIFF**

**VS.**                 **FILED**    **CAUSE NO.:** 2022-0284

**DOLGENCORP, LLC d/b/a**      DEC 15, 2022
**DOLLAR GENERAL;**
**DOLLAR GENERAL CORPORATION;** CAROLYN B. HAMILTON
**AND JOHN DOES 1-10**     BY_____ D.C.       **DEFENDANT(S)**

### COMPLAINT
### (JURY TRIAL REQUESTED)

COMES NOW, the Plaintiff, Deborah Mendenhall, (hereinafter "Plaintiff") by and through her counsel of record, and hereby files this Complaint against Defendant, Dolgencorp, LLC d/b/a Dollar General; Dollar General Corporation and John Does 1-10 (sometimes herein referred to as "Defendant" and/or "Dollar General"), and in support thereof states as follows:

### I. PARTIES

1. The Plaintiff is an adult resident citizen of Lincoln County, Oklahoma, and presently resides at 910965 South 3430 Road, Chandler, Oklahoma 74834.

2. The Defendant, Dolgencorp, LLC, is a Limited Liability Company incorporated in the State of Kentucky, with its principal place of business located at 100 Mission Ridge, Goodlettsville, Tennessee 37072, and doing business in the State of Mississippi, whose agent for service of process is Corporate Service Company, located at 109 Executive Drive, Suite 3, Madison, Mississippi 39110 or wherever they may be found.

3. The Defendant, Dollar General Corporation, is a Profit Corporation incorporated in the State of Tennessee, with its principal place of business located at 100 Mission Ridge, Goodlettsville, Tennessee 37072, and doing business in the State of Mississippi, whose agent for service of process is Corporation Service Company, located at 109 Executive Drive, Suite 3, Madison, Mississippi 39110 or wherever they may be found.

EXHIBIT A

4. Defendant, John Does 1-10, are other Defendants whose names, whereabouts, and/or involvement are at this time unknown to the Plaintiff but who may be added at a later date. John Does 1-10 include owners, operators, managers, and all other entities, corporate and/or individuals of the Defendant, Dolgencorp, LLC d/b/a Dollar General Corporation; and/or other persons, entities, and/or corporations that were in some manner negligently and proximately responsible for the events and happening alleged in this Complaint and for Plaintiff's injuries and damages.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction of the parties and the subject matter of this action. Venue is proper as this civil action arises out of negligence acts and omissions committed in Sunflower County, Mississippi, and the cause of action occurred and/or accrued in Sunflower County, Mississippi.

## III. FACTS

6. The Plaintiff adopts and herein incorporates by reference every allegation as set forth above.

7. At all times mentioned in this Complaint, the Defendant managed, leased, owned and/or operated the store located at 916 US-82, Indianola, Mississippi 38751.

8. At all times mentioned in this Complaint, the Plaintiff, Deborah Mendenhall, was lawfully on the property of the Dollar General Distribution Center located within the geographical boundaries of Sunflower County, Mississippi, located at 916 US-82, Indianola, Mississippi 38751 for reasons mutually advantageous to both the Defendant and Plaintiff.

9. On or about January 4, 2021, Plaintiff, Deborah Mendenhall, was delivering products on the property of the Defendant's distribution center located within the geographical

2

boundaries of Sunflower, County, Mississippi, located at 916 US-82, Indianola, Mississippi 38751, when suddenly and without warning, as she was walking away from the guard shack window, she tripped on the step due to a lack of lighting, which caused the Plaintiff to fall to the ground, causing Plaintiff to sustain injuries including but not limited to pain to her left arm and shoulder.

## COUNT 1- CLAIM FOR PREMISES LIABILITY

10. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through nine (9) as if fully set forth herein.

11. At said time and place, Defendant, as owners and/or operators of the distribution center, owed a duty to the Plaintiff to keep the premises in a reasonably safe condition, to warn the Plaintiff of any dangerous conditions not readily apparent of which it knew or should have known in the exercise of reasonable care, to conduct reasonable inspections to discover dangerous conditions existing on the premises, and to correct any such dangerous conditions.

12. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

    a) Negligently failing to maintain or adequately maintain the steps and/or lighting on the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    b) Negligently creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    c) Negligently failing to inspect or adequately inspect the steps and/or lighting, as specified above, to ascertain whether the steps, which were poorly maintained and/or lit, constituted a hazard to persons utilizing the steps, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    d) Negligently failing to inspect or adequately warn the Plaintiff of the dangerous steps, lack of lighting and/or inadequate lighting, when Defendant knew or through the exercise of reasonable care should have

   known that said steps were unreasonably dangerous and that Plaintiff was unaware of same;

e)  Negligently failing to correct and/or inspect and/or maintain the unreasonably dangerous condition of the steps and/or lighting, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

f)  Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the steps and/or lighting on the premises or dangerous conditions;

g)  Negligently failing to train and/or inadequately training its employees to inspect and/or maintain, the steps and to provide visibility of notice for dangerous conditions;

h)  Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)  Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated at the steps despite knowledge of prior incidents at the subject location or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was not given to guests at the premises;

j)  Negligently failing to have adequate policies in place to identify and correct dangerous condition without any warnings to Plaintiff, that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

k)  Negligently failing to act reasonably under the circumstances;

l)  Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

m)  Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and

n)  Negligently failing to install, maintain and provide safe steps and/or adequate lighting on the subject premises.

## COUNT II- CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE

13. Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through twelve (12) as if fully set forth herein.

14. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the steps and/or lighting on the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the steps and/or lighting in front of the guard shack area, as specified above, to ascertain whether the steps, which were poorly maintained and/or lit, constituted a hazard to persons utilizing the steps, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d) Negligently failing to inspect or adequately warn the Plaintiff of the dangerous steps, lack of lighting, and/or inadequate lighting, when Defendant knew or through the exercise of reasonable care should have known that said steps were unreasonably dangerous and that Plaintiff was unaware of same;

   e) Negligently failing to correct and/or inspect and/or maintain the unreasonably dangerous condition of the steps and/or lighting, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

   f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the steps and/or lighting on the premises or dangerous conditions;

   g) Negligently failing to train and/or inadequately training its employees to inspect and/or maintain, the steps and/or lighting and to provide visibility of notice for dangerous conditions;

   h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

   i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the steps despite knowledge of prior

5

       incidents at the subject location or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was not given to guests at the premises;

j) Negligently failing to have adequate policies in place to identify and correct dangerous condition without any warnings to Plaintiff, that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

k) Negligently failing to act reasonably under the circumstances;

l) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

m) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and

n) Negligently failing to install, maintain and provide safe steps and/or adequate lighting on the subject premises.

15. At said time and place, Defendant owned, controlled, and/or possessed the business premises.

16. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

17. Defendant's breach of these duties proximately caused Plaintiff to suffer serious bodily injury and economic damages, including, but not limited to, the following:

    a. past, present, and future physical pain and suffering;

    b. past, present, and future medical expenses;

    c. past, present, and future loss of enjoyment of life;

    d. past, present and future mental and emotional pain and suffering;

    e. permanent physical restrictions, limitations, and/or disability;

    f. loss of earning;

6

g. loss of the ability to earn money;

h. household services if any; and

i. any other damages allowed by Mississippi law.

## PRAYER OF RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Deborah Mendenhall, requests a trial by jury and demands damages including actual, compensatory, consequential, and incidental damages, for physical injuries; past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses; and any other special damages that may be incurred by the Plaintiff, together with attorney fees, costs of suit and any further relief as the Court may deem proper under the circumstances.

RESPECTFULLY SUBMITTED, this the __9th__ day of December, 2022.

**DEBORAH MENDENHALL, PLAINTIFF**

BY: _____
BRENNAN DUCOTE, Esq. (MSB#106470)

OF COUNSEL:

MORGAN & MORGAN, PLLC
BRENNAN DUCOTE (MSB#106470)
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (769) 209-6454
Facsimile: (769) 209-6554
Email: bducote@forthepeople.com
*Attorney for Plaintiff*

7